PER CURIAM:
On or about April, 1990, the claimant’s 17-year-old daughter, Robin Nolan, was admitted to the Salem Youth Center for a 30 day evaluation. The claimant alleges that her daughter was in possession of three rings and two sets of earrings upon entering respondent’s facility, but that the items were not returned to her daughter upon her departure from respondent’s facility, or thereafter.
Claimant’s daughter testified that the jewelry included three rings of which two were birthstone rings, and one was a diamond cluster ring, and five earrings. A receipt of unspecified purpose, but appearing to represent the purchase price of a $74.15 diamond cluster ring, was introduced into evidence, along with an installment contract executed by a Helen Crawford, involving a $52.95 birthstone ring. No other documentation was provided to establish the purchase, ownership, or replacement cost(s) of this jewelry. Accordingly, the Court may not speculate as to the existence or value of a third ring, or the earrings.
The claimant’s daughter further testified that no inventory of her possession was made when she entered the respondent’s facility, nor did she sign an inventory list. In the absence in accounting for this personalty, the Court may not create or speculate as to same. In actions *90 such as this the claimant as a bailor must prove that a delivery to the respondent bailee occurred before a prima facie case is established for the bailee’s failure to return the items. In other words, the bailor has the burden of proof. Only when the bailee has acknowledged possession of goods does the bailor’s cause of action accrue. Under the present facts and circumstances, the absence of an inventory precludes the Court from further consideration of the claim. The bailor’s evidence must be more than surmise and conjecture, for the Court to consider this matter. W. Va. Code §46-7-102(l)(a) and 46-7-403(l)(b) only shift the burden of going forward with the evidence where the bailee has acknowledged possession of items, and thus is under a duty of reasonable care to return same. Since the claimant’s daughter has no receipt for the items of jewelry alleged to have been deposited with the respondent and witnesses, Deputy Fred R. Daily of the Cabell County Sheriffs Office, and his wife, Mrs. Peggy Daily, both testified that they did not notice the jewelry when transporting her to and from the respondent’s facility, the claimant has failed to establish a prima facie case of negligence and bailment. The duties and responsibilities of a bailee cannot be thrust upon one without knowledge and acceptance of the subject matter. 2C Michie’s Jurisprudence, Bailments, §3, p.123.
Accordingly, this claim must be disallowed.
Claim disallowed.