PER CURIAM:
Claimant brought this claim to recover the value of certain items of personal property that he alleges were lost by employees of the respondent. Claimant is an inmate in Mt. Olive Correctional Center. While he was serving a term of confinement in the lock-up section of the prison for the purpose of keeping property for inmates, but when claimant was returned to the mainline population, his property was returned to him except for certain items. Claimant placed a value of 4420.85 upon the lost items.
A hearing was conducted by the Court in this claim on December 12, 1996, at which time the claimant as to the facts and circumstances which gave rise to his claim. Claimant was transferred from the West Virginia State Penitentiary in Moundsville in February 1995, and his personal property was brought to Mt. Olive Correctional Center by employees of the respondent. After the transfer, claimant received approximately 19 CDS and a book through the mail. These items were recorded in the personal property records as being that of the claimant. During April 1995, claimant was taken to magistrate court, and he was taken to the Quilliams pod for lockup from that hearing. It is the normal procedure for storing an inmate’s personal belongings to place the belongings in a storage area, and then items may be given to the inmate while in lockup and other items may not be returned until the inmate is returned to a cell in the pods for the mainline population. For reasons not explained to the Court, certain items of claimant’s personal property were never returned to him when he was released from lockup.
Linda Lou Pond, Acting Associate Warden, testified as to the procedures for handling personal property belonging to an inmate and she addressed the situation regarding the claimant’s personal property. She was unable to explain what had happened to claimant’s property, but her records supported the contention of the claimant that the had certain items in his possession which were not returned to him.
The Court views this claim as a bailment when personal property of an inmate is recorded for the inmate, taken for storage purposes for any reason, and then respondent has no satisfactory *152 explanation for not returning the property to the inmate. The Court can only conclude that respondent was negligent in the manner in which it stored claimant’s personal property, because it was not there to be returned to the claimant upon his release from the Quilliams pod.
In view of the foregoing, the Court is of the opinion to and does make an award to the claimant for his property in the amount of $420.85.
Award of $420.85.