PER CURIAM:
Claimant brought this action for an unauthorized monetary ithdrawal from his prison trust account at the Mt. Olive Correctional Center, a facility owned and operated by respondent in Fayette County. Claimant is currently incarcerated at this correctional center. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
Pursuant to West Virginia Code Section 28-5-6, a warden has a duty to receive and take charge of an inmate’s financial funds during the inmate’s term of incarceration. In fulfilling this legislative mandate, the warden at Mt. Olive Correctional Center employed several shopkeepers to operate a cooperative exchange at the institution. Before funds are withdrawn from a prison trust account, an inmate must present the inmate’s photographic institutional identification card to the storekeeper upon appearance at the store window. The transaction is processed and the inmate must then sign a sales receipt.
The incident giving rise to this claim occurred on or about Saturday, March 7, 1998. On the day in question, claimant had the sum of $1,364.96 in his prison trust account. C laimant went to the cooperative exchange, presented his photographic *69 identification card, made a purchase in the amount of $45.92, and signed a sales receipt. After this transaction, claimant made no further transactions with the facility’s cooperative exchange during the week. However, on Sunday, March 8, 1998, respondent’s employees allowed an unidentified third party to make a withdraw in the amount of $74.24 at the facility’s cooperative exchange. Payment for the unidentified third party’s purchase was deducted from claimant’s prison trust account. Apparently, claimant’s name was forged on the sales receipt. Thereafter, claimant has attempted and has been unsuccessful in obtaining reimbursement for the unauthorized transaction.
When property of an inmate is recorded for the inmate and taken for storage purposes, this Court has previously viewed such situations as a bailment. Heard vs. Division of Corrections, 21 Ct. Cl. 151 (1997); Nolan vs. Division of Corrections, 19 Ct. Cl. 89 (1992). According to Black’s Law Dictionary, a bailment is:
“A delivery of goods or personal property, by one person (bailor) to another (bailee), in trust for the execution of a special object upon or in relation to such goods, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to perform the trust and carry out such object, and thereupon either to redeliver the goods to the bailor or otherwise dispose of the same in conformity with the purpose to the trust. The bailee is responsible for exercising due care toward the goods.” Id 95 (6th ed. 1990).
Consequently, respondent, the bailee, must have satisfactory documentation for management of the prison trust account for an inmate, the bailor.
In this present claim, claimant has established a prima facie case of bailment and negligent management of his prison trust account. The evidence adduced at the October 7,1999, hearing demonstrated that there was a required delivery of claimant’s financial funds to respondent. Respondent failed reasonably to account for claimant’s prison trust account on March 8, 1999. Therefore, the Court concludes that there was a bailment situation and respondent was negligent in the manner in which it managed claimant’s prison trust account.
In view of the foregoing, the Court is of the opinion to and does make an award in the amount of $74.24 to claimant.
Award of $74.24.