PER CURIAM:
Claimant brought this action for the loss ofhis personal roperty by respondent’s employees while in the custody of respondent. Claimant is currently a resident of Harrison County, but at the time of the incident he was incarcerated in respondent’s facilities. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on or about February 8, 1994, at approximately 3:30 p.m. On the day in question, claimant was incarcerated at the Moundsville Penitentiary. At the time, claimant’s personal belongings were seized and documented by Officer Richard S. Strope Included in claimant’s personal belongings were a wedding band, engagement ring, bracelet, West Virginia logo pendant, and a Sony Walkman radio with headphones. Claimant’s personal belongings were then transferred to another one of respondent’s employees at Moundsville Penitentiary. During claimant’s period of incarceration, both he and his personal property were to be transferred to the Huttonsville Correctional Center, next to the Denmar Correctional Center, before finally being transferred to St. Mary’s Correctional Center. Following claimant’s release from St. Mary’s Correctional Center on April 22, 1999, respondent was unable to account for claimant’s personal property. The estimated value of claimant’s personal property was in the sum of $250.00.
When personal property of an inmate is recorded for the inmate and then taken for storage purposes, this Court has previously viewed such situations as a bailment. According to Black’s Law Dictionary, a “bailment” is:
“A delivery of goods or personal property, by one person *74 (bailor) to another (bailee), in trust for the execution of a special object upon or in relation to such goods, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to perform the trust and carry out such object, and thereupon either to redeliver the goods to the bailor or otherwise dispose of the same in conformity with the purpose to the trust. The bailee is responsible for exercising due care toward the goods.” Id95 (6th ed. 1990).
Consequently, respondent, as the bailee, must have satisfactory documentation for return of the property to the inmate, the bailor. Heard vs. Division of Corrections, 21 Ct. Cl. 151(1997). Claimant has the burden of proof to demonstrate by a preponderance of the evidence that there was a delivery of claimant’s property to respondent before a prima facie case is established for the failure to return items claim accrues. Nolan vs. Division of Corrections, 19 Ct. Cl. 89 (1992).
In the instant claim, claimant has established a prima facie case of bailment and negligent care of his personal property. The evidence adduced at the October 14,1999, hearing demonstrated that there was a delivery of claimant’s property to respondent. Respondent, as the bailee, failed reasonably to document and account for claimant’s personal property since the time he first entered into the custody of respondent.
In view of the foregoing, the Court is of the opinion to and does make an award in the amount of $250.00 to claimant.
Award of $250.00.