PER CURIAM:
Claimant brought this action for the loss of personal property by respondent’s employees at the Mt. Olive Correctional Center, a facility owned and operated by respondent in Fayette County. Claimant is currently incarcerated in this correctional center. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on or about January 8, 1998. On the date in question, claimant was sent to lock-up for forty-five days. Claimant’s personal property was placed in a laundry cart and taken to the State Shop, a restricted area, in order to be inventoried.[1] Among claimant’s personal property was a pair of Reebok Kamikaze II basketball shoes and various legal papers regarding claimant’s criminal case. Claimant’s personal hygiene items were removed from the cart before the rest of his personal property was sent to the State shop to be inventoried. After removing claimant’s personal hygiene items, the laundry cart containing claimant’s personal property remained outside of the State Shop until inventoried. The inventory of claimant’s personal property was conducted by Corporal Michael H. Cliver. Cpl. Cliver thoroughly inspected claimant’s personal property and indicated the items on the claimant’s personal property form. According to Cpl. Cliver there were no basketball shoes or legal papers in claimant’s cell, so these items were not indicated on claimant’s personal property form. While Cpl. Cliver described his documentation process as “meticulous,” there were other personal property items, such as a television and stereo, that also were not indicated on claimant’s personal property form, but were in his possession at the time.
*105 When claimant’s personal property was brought to him at a later time, the basketball shoes and legal papers were missing. According to Timothy Ray Moses, Storekeeper I, when he received the cart containing claimant’s personal property, the tape that had been placed on it was s till intact. However, when Carl Shillings, Correctional Counselor I, received the cart that contained claimant’s personal property, the tape had been removed and the box containing the basketball shoes as well as the envelope containing the legal papers were empty. After finding his personal property items missing, claimant followed the proper procedure for filing a grievance with the appropriate o fficials. Neither claimant nor respondent was able to determine the whereabouts of claimant’s property.
The loss suffered by claimant was estimated to be $32.75 which amount represents the cost of the new Reebok Kamikaze II basketball shoes were purchased by claimant. While the legal papers of claimant are described as “priceless,” he will be able to obtain the transcripts of his criminal case free of charge. The other legal papers of claimant may be obtained by contacting his attorney.
When personal property of an inmate is recorded for the inmate and then taken for storage purposes, this Court has previously viewed such situations as a bailment. According to Black’s Law Dictionary, a bailment is:
“A delivery of goods or personal property, by one person (bailor) to another (bailee), in trust for the execution of a special object upon or in relation to such goods, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to perform the trust and carry out such object, and thereupon either to redeliver the goods to the bailor or otherwise dispose of the same in conformity with the purpose to the trust. The bailee is responsible for exercising due care toward the goods.” Id 95 (6th ed. 1990).
Consequently, respondent, the bailee, must have satisfactory documentation for return of the property to the inmate, the bailor. Heard vs. Division of Corrections, 21 Ct. Cl. 151 (1997). Claimant has the burden of proof to demonstrate by a preponderance of the evidence that there was a delivery of claimant’s property to respondent before a prima facie case is established for the failure to return items claim accrues. Nolan vs. Division of Corrections, 19 Ct. Cl. 89 (1992).
In the instant claim, claimant has established a prima facie case of bailment for his basketball shoes and legal papers. The evidence adduced at the October 7, 1999, hearing demonstrated that there was a delivery of claimant’s property to respondent. The Court has determined that respondent failed adequately to care for claimant’s personal property since it was not returned to him.
*106 In view of the foregoing, the Court is of the opinion to and does make an award in the amount of $32.75 to claimant.
Award of $32.75.

 Respondent uses a cart that holds approximately twenty bushels and is about three and a half to four feet high. The cart is on wheels and is moved to a secure location. Smaller personal property items are placed into plastic bags and then placed into the cart. Once an inmate’s personal property is placed in the cart, tape is placed over the top of the cart in a “X” type design. While tape is placed on top of the cart for security purposes, some smaller items that have been placed in bags can be removed without breaking the tape.