PER CURIAM:
Claimant brought this claim to recover the value of his stereo system that was broken by respondent’s employees at Mount Olive Correctional Center. Currently, claimant is an inmate at Saint Mary’s Correctional Center, but at the time of the incident, claimant was an inmate at Mount Olive Correctional Center in Fayette County. The Court is of the opinion to make an award to the claimant for reasons more fully stated below.
The incident giving rise to this claim occurred on October 2, 1995. During lock-down, two guards at Mount Olive Correctional Center began a shake-down of claimant’s cell. While conducting the shake-down, one of the guards dropped claimant’s AIWA AM/FM/Cassette/CD stereo system. At the September 3, 1999, hearing, respondent stipulated that one of the guards dropped claimant’s stereo system.[1] Claimant then discovered that there was a dent on the stereo system and the re-wind button did not function properly. The value of the stereo system was estimated at $420.00. After the incident, claimant filed a grievance with the warden and later sent the stereo system to respondent’s electronic technician III, Scott Sheppard, for examination on May 6,1996. Respondent’s electronic technician III informed claimant that the stereo system was not repairable. Claimant alleges that the stereo system was never returned.
The position of respondent was that no bailment situation existed because *107 claimant was in possession of the stereo system at the time of the stereo system’s disappearance. Documentary evidence adduced by respondent revealed that claimant acknowledged his possession of the stereo system on several signed forms during the time period in question. On claimant’s signed property card of June 1,1994, the stereo system was received by claimant. A signed property form dated May 12, 1995, indicated that claimant was still in possession of the stereo system. On September 10, 1996, an Appliances-Music Equipment form signed by claimant again demonstrated that the stereo system was still in the possession of claimant. A post-hearing affidavit of Substance Abuse Therapist II, Jamey Wilson Hunt, states that he witnessed claimant sign the September 10,1996, form and that he saw claimant in actual possession of the stereo system at that time.[1] Not until September 12, 1996, was there documentary evidence on claimant’s resident personal property form that the stereo system was no longer in the possession of claimant. Respondent, further alluded to the fact that claimant did not clearly explain to the Court why the forms were signed if some of his personal property had not been received.
Whenpersonal property of an inmate is recorded for the inmate and then taken for storage purposes, this Court has previously viewed such situations as a bailment. Respondent must have satisfactory documentation for return of the property to the inmate. Heard v. Division of Corrections, 21 Ct. Cl. 151 (1997). Only when respondent, the bailee, has acknowledged possession of goods does claimant’s, the bailor, cause of action accrue. Nolan v. Division of Corrections, 19 Ct. Cl. 89 (1992).
A claimant, bailor, must prove that a delivery to respondent, bailee, occurred before a prima facie case is established for the bailee’s failure to return items. Id. In such situations, claimant, the bailor, has the burden of proof. Id.
In this present claim, claimant has failed to establish a prima facie case of bailment or negligent care of claimant’s stereo system. Despite his contention, respondent produced sufficient documentary evidence to conclude that claimant was in receipt of his stereo system. However, it is undisputed that an employee of the respondent dropped the claimant’s stereo and caused the damage to the stereo of which the he complains.
The Court, having reviewed all of the evidence in this claim, is of the opinion that claimant is entitled to recover a nominal sum for the damage to his stereo and, *108 further, the Court has determined that $ 100.00 is fair and reasonable compensation for said damage.
In view ofthe foregoing, the Court makes an award of $100.00 to claimant for the damage to his stereo.
Award of $100.00.

 Prior to the incident, claimant had owned the stereo system for ten months.

 At the September 3, 1999, hearing, this claim was submitted subject to further inquiry into institutional records regarding the whereabouts of the stereo system. The affidavit of Substance Abuse Therapist II, Jamey Wilson Hunt, was submitted to the Court by respondent’s counsel on September 29, 1999, and filed as a post- hearing exhibit and made part of the record on that date.