PER CURIAM:
Claimant, an inmate at Mount Olive Correctional Complex, brought this claim to recover the value of his Aiwa Walkman, Tx-591 radio-cassette player with headphones and an AC Adapter that were not returned to him after these items had been appropriated, documented for storage, and placed in storage by respondent when claimant was in lock-up. Mount Olive Correctional Complex is a facility of respondent in Fayette County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
During the months of May and June, 2000, claimant was sent to lock-up. At this time, the personal property in his cell, including an Aiwa Walkman, Tx-591 radio-cassette player with headphones and an AC Adapter, were appropriated, documented and stored by employees of respondent. In June 2000, claimant was released from lock-up. Claimant was given back some of his personal property, except for the items indicated above. His Resident’s Personal Property Form made note of the fact that he did not receive these items. The lost property was valued at $84.20. Since being released from lock-up, claimant has made inquiries to respondent regarding these items of personal property, but the items have not been found or returned to him.
Respondent, in its Answer, admits that this claim is valid and the amount of the claim is admitted. The Court has held in claims of this nature that a bailment situation has been created and the reasoning for that holding is stated hereinbelow.
When personal property of an inmate is recorded for the inmate and then taken for storage purposes, this Court has previously viewed such situations as a bailment. According to Black’s Law Dictionary, a bailment is:
*239 “A delivery of goods or personal property, by one person (bailor) to another (bailee), in trust for the execution of a special object upon or in relation to such goods, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to perform the trust and carry out such object, and thereupon either to redeliver the goods to the bailor or otherwise dispose of the same in conformity with the purpose to the trust. The bailee is responsible for exercising due care toward the goods.” Id 95 (6th ed. 1990).
Consequently, respondent, the bailee, must have satisfactory documentation for return of the property to the inmate, the bailor. Heard vs. Division of Corrections, 21 Ct. Cl. 151 (1997). Claimant has the burden of proof to demonstrate by a preponderance of the evidence that there was a delivery of claimant’s property to respondent before a prima facie case is established for the failure to return items claim accrues. Nolan vs. Division of Corrections, 19 Ct. Cl. 89 (1992).
In the instant claim, claimant has established a prima facie case of bailment for the items which were not returned to him. The evidence established that there was a delivery of claimant’s property to respondent. The Court has determined that respondent failed adequately to care for claimant’s personal property since it was not returned to him.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $84.20.