PER CURIAM:
Claimant seeks payment for certain items of personal property which he had in his possession while an inmate at the Mt. Olive Correctional Complex, a facility of the respondent. When claimant was released from the arts and crafts program at Mt. Olive Correctional Complex, various leather hides and finished products that he had made were not returned to him. Claimant places a value on the leather hides at $112.10 and the finished products in the amount of $ 1,359.70. He seeks a total award of $1,471.80.
A hearing was conducted by the Court in this claim on October 25,2001, at which time the claimant testified as to the facts and circumstances giving rise to this claim. Claimant was a member of the arts and crafts program at Mt. Olive Correctional Comp lex since the program began. He made and sold specialized leather products with imitation lizard, snake, and alligator print hides. The Mt. Olive arts and crafts program allowed some of the inmates to send their finished products to the Beckley Mall to sell to the general public. According to claimant, he sent approximately $650.00 to $700.00 dollars worth of finished leather products to the *87 Beckley Mall in hopes of having them sold. However, he stated that after three months, without any money being paid to him that he became concerned. He spoke to Henry Hudson who was the acting arts and crafts supervisor at the time of this incident regarding the status of the products at the Beckley Mall. Claimant testified that after approximately eight months he had yet to receive any money from the sale of his products from the Beckley Mall. He then filed grievances in an attempt to get his property back, which eventually was returned to him. It is his opinion that filing the grievances caused a dispute between himself and Mr. Hudson and that the incident giving rise to this claim arose from that dispute.
According to the claimant, a routine fire drill was conducted in either August or September of 1997 during his arts and crafts period. He stated that at the time he was at the catting table working on leather. He testified that he stopped what he was doing and exited the building. An inventory was taken by the respondent following the fire drill and it was concluded that a utility knife was missing from his inventory. As a result, he lost his arts and crafts privileges. He claims that this was in retaliation for his filing grievances. He then was contacted by Keneth S. Watson, an assistant to Mr. Hudson in the arts and crafts program at the time of this incident. Mr. Watson allowed the claimant to observe his arts and crafts material that Mr. Watson was packing to send to storage. Claimant asserts that some of his leather hides were missing as well as all of his finished products. He claims that $1,359.70 worth of his finished leather products were missing from his inventory and three leather hides valued at $112.10. Claimant presented three sworn affidavits from other inmates who were in the arts and crafts program that claim to have seen Mr. Hudson load claimant’s finished products and leather hides into a box and remove it for storage.
It is respondent’s position that it was not responsible for the loss of the claimant’s property and, even if it were, that the amount the claimant places on the value of the property is too high. Keneth S. Watson, an assistant in the arts and crafts program at the time of this incident, testified that he supervised the claimant in the program for approximately two years; that the claimant did use prints of imitation exotic leathers and sold them; and that he did not see the items that claimant asserts were stolen. He could not testify as to whether or not these items were returned to him or not. However, Mr. Watson testified that he is aware of the value of the items claimed to be removed and, in his opinion, the values placed on most items were inflated. He agreed with the value placed on the orange leather hide at $37.80 as well as the value of the deer skin hide at $19.30 and the black lizard hide at $55.00. However, he testified that the values placed on the finished leather items was inflated. In his opinion, the market value of the finished leather products totaled $881.00 not $1,359.70 as the claimant asserted.
This Court has held that a bailment exists when respondent records the personal property of an inmate, takes it for storage purposes, and fails to return it without a satisfactory explanation. Heard v. Division of Corrections 21 Ct. Cl. 151 (1997). In this claim, the claimant has established by a preponderance of the evidence that his arts and crafts property was at one time taken from his possession, was in the control of respondent, and was never returned to him. Respondent has failed to provide any explanation as to what happened to these items. Therefore, a bailment existed in this claim and respondent is responsible for the reasonable value of the claimant’s property. The Court is of the opinion to make an award to the claimant for the value of the three leather hides in the amount of $112.10 and an award of $881.00 for the value of the finished leather products.
Accordingly, the Court is of the opinion to and does hereby make an award *88 to the claimant in the amount of $993.10.
Award of $993.10.