PER CURIAM:
Claimant brought this action to recover the value of certain personal prop erty items that he alleges were lost by the respondent while he was an inmate at Mt. Olive Correctional Center. He was serving a term of confinement in lock-up for five months. When he was released from lock-up to the mainline population, several items of his personal property were missing. Claimant placed a value of $383.44 upon the lost items.
A hearing was conducted by the Court in this claim on October 25, 2001, at which time the claimant testified as to the facts and circumstances giving rise to this claim. Mr. Samples was in a single cell until December 13, 1999, at which time he was moved into a double cell with another inmate. Mr. Samples packed his personal property into boxes and stored it in the double cell. He did notremove the items from the boxes due to the fact that he knew that on December 14, 1999, he was going to magistrate court where he knew that he was going to be found guilty and sent to lockup as a result. He had placed his property including a 14kt gold chain and cross in a box underneath his bed. Mr. Samples testified that his property was removed by the unit team and taken to the state shop while he was in lock-up. There was a brief period of time that Mr. Samples’ property was left in the double cell alone with another inmate. Mr. Samples was in lock-up from December 14,1999, untilFebruary 7, 2000. When he returned to his cell from lock-up, he discovered that some of his property was missing, including arts and crafts items, two pair of sweat pants, two sweat shirts, and 14kt gold chain and cross. Mr. Samples testified that although the “Resident’s Personal Property Form” which inventoried some of his property was filled out on February 7, 2000, he did not see it until May 4, 2000. He stated that this *92 inventory did not list all of his property, but that what was listed he did receive. The list did not include the property items which he claims are missing.
Claimant asserts that respondent was responsible for his property once he was removed from the double cell and sent to lock-up and that a bailment relationship existed at that point in time when he no longer had control or possession of his property.
Respondent contends that it was not responsible for claimant’s property and that it followed proper procedures in removing his property from the cell to the state shop and that if the property is missing, it must have been stolen by another inmate.
Laura Crouse Adams, a Correctional Counselor at Mt. Olive Correctional Complex at the time of this incident, testified that the normal procedure for securing an inmate’s property when he is removed from his cell for lock-up includes contacting the state shop and having someone from that department come to the cell to pick up the inmate’s property and secure it. However, in this case since the claimant already had already boxed his property, the state shop personnel went to the double cell and removed it. She stated that claimant’s property was left in the double cell alone with another inmate for “some period of time”. Mrs. Adams also testified that she did search the claimant’s property items at the request of the claimant while the items were stored in the state shop, but she could not find the gold chain and cross. She also recalls that the other inmate who was in the same cell with Mr. Samples had his property, searched but the gold chain and cross were not found.
Timothy Ray Moses, supervisor at the Mt. Olive state shop at the time of this incident, stated that he recalls the claimant having in his possession a gold chain and cross. He also testified that he searched for the arts and crafts items for the claimant upon his request to do so, but he was unable to find these items for Mr. Samples.
Patrick Whittington was a storekeeper at the state shop at the time of this incident. He testified that he had a conversation with the claimant regarding the fact that certain property items were not listed on the “Resident’s Personal Property Form” that inventoried claimant’s property. Mr. Whittington recalls that the claimant specifically mentioned the gold chain and cross as missing.
This Court has held that a bailment exists when respondent records the personal property of an inmate and takes it for storage purposes, and then has no satisfactory explanation for not returning it. Heard v. Division of Corrections 21 Ct. Cl. 151 (1997). In this claim, the evidence adduced at the hearing established that the claimant had a 14kt gold chain and cross in his possession while an inmate at Mt. Olive. The evidence also established that prior to his being sent to lock-up, the claimant also had two pair of sweat pants and two sweat shirts in his possession as well as various materials for arts and crafts. However, upon being released from lockup to his cell, none of these items were found and returned to the claimant. The property was in the control and possession of the respondent during the time the claimant was in lock-up. The respondent has no plausible explanation for what happened to these items other than to imply that another inmate may have taken them while alone with the property in the double cell. However, there was no evidence set forth to support this theory. Regardless, respondent was responsible for the claimant’s property when he was taken from his cell to Magistrate Court. The claimant did not have any means to guard or watch over his property during this time period. The respondent was in the position to safeguard the claimant’s property once he was removed from his cell. Respondent should have secured the property immediately after the claimant was removed from the double cell. The Court has determined that *93 respondent was responsible for securing the claimant’s property and failed to take the appropriate action to protect the property; therefore, the Court is of the opinion that an award of $383.44 represents a fair and reasonable reimbursement to claimant for the lost property.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $383.44.
Award of $383.44.