PER CURIAM:
Claimant, an inmate at Mount Olive Correctional Complex, brought this claim to recover the value of certain personal property items that he alleges were lost by the respondent. Claimant was serving a term of confinement in lock-up for a few months. When he was released from lock-up to the mainline population, several items *284 of his personal property were missing. Claimant placed a value of $102.58 upon the lost items.
A hearing was conducted by the Court in this claim on November 15,2002, at which time the claimant testified as to the facts and circumstances giving rise to this claim. Mr. Mahood was in a double cell with another inmate until September 6,2001, at which time he was sent to lock-up. Mr. Mahood testified that only some of his property was removed from his double cell by respondent and taken to the state shop for storage while he was in lock-up. He testified that certain items were not taken to the state shop as required including an Aiwa Walkman radio cassette player with headphones, an A.C. adapter, two cassette tapes, one gray t-shirt, two mirrors, and many assorted food items including twenty-six cans of soda. Mr. Mahood testified that his “Resident’s Personal Property Form” listed only some of his property items. However, he stated that the items he is seeking an award for were not listed on this form. Therefore, he is of the opinion that the state shop did not ever receive the items which were lost and that it was the fault of the person or persons who removed his property from his cell. According to Mr. Mahood, he told the personnel at lock-up that there were several items missing on his “Resident’s Personal Property Form”, but they informed him to go ahead and sign it and to make a list later of the missing property once he got back to the regular unit. Mr. Mahood was released from lock-up on November 28, 2001, and made the list of his missing property. Once he was back in the mainline population, he had to file a “G-l" grievance to the warden regarding the missing property. He introduced a copy of the “G-l" grievance form into evidence at the hearing of this matter which indicated that the reason the food items were not returned was that the state shop did not store them due to health and safety reasons. The “G-l" grievance denied claimant relief as to the remaining property items due to the fact that claimant signed the “Resident’s Personal Property Form” which states in part that by signing the property form claimant cannot hold respondent liable for items not included on the property form, and that by signing the form he acknowledges that he has checked his property and accepts it as complete and correctly itemized. The property items claimant alleged were missing were not listed on the form. Claimant also introduced into evidence his “property form” which respondent uses to inventory property sent from outside the prison to the inmates, and on this form was listed the Aiwa Walkman, the A.C. adapter, and a T-shirt. Finally, claimant testified that the A.C. adapter was permissible property at the time he received it, but it was later banned by the warden sometime after the claimant’s incident.
Claimant asserts that respondent was responsible for his property once he was removed from the double cell and sent to lock-up and that abailment relationship existed at the time when he no longer had control or possession of his property.
Respondent contends that it was not responsible for claimant’s property and that it followed proper procedures in removing his property from the cell to the state shop.
Patrick Whittington, a Supervisor 1 in the state shop at Mt. Olive Correctional Complex at the time of this incident, testified that when an inmate is taken from general population to lock-up his property is packed up, and taken to the state shop for either storage or disposition. He testified that the only thing the state shop is permitted to store is nonperishable food items and that the food items Mr. Mahood is seeking replaced are all considered perishable. This includes cans of soda. *285 The reason for this policy is to prevent health hazards as well as pests, and rodents from being attracted to the area. Therefore, the food items listed by Mr. Mahood would have been destroyed and not stored in the state shop.
Arietta King, an employee at Mt. Olive Correctional Complex, testified that she was the person who removed claimant’s property from the double cell and inventoried it. She testified that she did not find any of the items claimant alleges are missing. She stated that had those items been in his cell she would have listed it on the inventory form. However, Ms. King admitted that she did not collect and inventory claimant’s property until September 7, 2001, the day after claimant was removed from his cell to lock-up. She also stated that claimant’s property was left in the double cell with the other inmate overnight. According to Ms. King, it is not standard procedure to search the other cell mate or go through his property to look for the cell mate’s property that is being inventoried. Therefore, she stated that she did not do so in this instance. In this instance, she simply asked the other remaining cell mate what property belonged to the claimant and packed it up and inventoried it.
This Court has held that a bailment exists when respondent records the personal property of an inmate and takes it for storage purposes, and then has no satisfactory explanation for not returning it. Page v. Division of Corrections, 23 Ct. Cl. 238 (2000); Heard v. Division of Corrections, 21 Ct. Cl. 151 (1997). In the present claim, the evidence adduced at the hearing established that the claimant had a Aiwa Walkman cassette player, an A.C. adapter, two cassette tapes, two mirrors, a t-shirt, and numerous perishable food items in his possession while an inmate at Mt. Olive. However, when he was released from lock-up to his cell, none of these items was found and returned to the claimant. The property was in the control and possession of respondent while claimant was in lock-up. However, respondent has no plausible explanation for what happened to the property items other than the food items which were destroyed consistent with respondent’s health and safety policies. Respondent was responsible for the other personal property items when claimant was taken to lock-up. Claimant did not have any means to guard or watch over his property during this timeperiod. Respondent was in position to safeguard claimant’s property once he was removed from his cell and should have secured the property immediately after the claimant was removed from the double cell. The Court finds that respondent was responsible for securing certain items of claimant’s property, excluding the perishable food items, and failed to take the appropriate action to do so. Therefore, the Court is of the opinion to make an award to the claimant for the value ofhis two mirrors, t-shirt, two cassette tapes, A.C. adapter, and Aiwa Walkman with headphones. The Court is of the opinion that $71.47 represents a fair and reasonable reimbursement to claimant for the lost property.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $71.47.
Award of $71.47.