PER CURIAM:
Claimant brought this action seeking lost wages he alleges are owed to him as a result of being wrongfully terminated from a job he held while an inmate at St. Mary’s Correctional Center. In addition, claimant seeks to recover the value of certain personal property items he alleges were lost by respondent while he was an inmate at St. Mary’s Correctional Center as well as the postage costs incurred in bringing this claim.
*322 A hearing was conducted by the Court on November 15, 2002, at which time the claimant testified as to the facts and circumstances giving rise to this claim. Claimant was incarcerated at St. Mary’s Correctional Center. He worked as a “kitchen worker 2" until February 15,2002,when he was forced to stop working due to a serious health condition. He was paid a salary of $45.00 per month. On February 27, 2002, a coordinator at St. Mary’s offered claimant a new job contract as a “kitchen worker 2" with a pay raise. The new job contract increased claimant’s monthly salary from $45.00 to $47.25. The contract was backdated and became effective as of February 1, 2002. Claimant accepted the contract and the conditions therein. A few days later claimant was sent to Charleston Area M edical Center where he had double bypass open heart surgery. After successful surgery, he spent a few days in recovery. On March 1, 2002, claimant was transferred to Mt. Olive Correctional Center because it was better equipped to handle claimant’s medical condition and to monitor his recovery. When claimant was transferred from St. Mary’s Correctional Center to Mt. Olive Correctional Center, his personal property was inventoried by respondent and transferred to Mt. Olive Correctional Center. Claimant also submitted into evidence a “resident’s personal property form”dated March 1,2002, that inventoried all personal property claimant had in his possession while an inmate at St. Mary’s Correctional Center. Claimant was in Mt. Olive recovering from his surgery until April 18, 2002, when he was transferred back to St. Mary’s Correctional Center. He introduced into evidence a “resident’s personal property form” dated April 17,2002, that inventoried his personal property entrusted to Mt. Olive Correctional Center which was being transferred back to St. Mary’s Correctional Center with the claimant. Likewise, claimant introduced a “resident’s personal property form” dated April 18,2002, that inventoried his property entrusted to St. Mary’s Correctional Center after he was transferred from Mt. Olive Correction al Center. Claimant testified that certain clothing items were missing once he returned to St. Mary’s Correctional Center. He testified that he is unable to place an exact value on these items because they were bought as gifts for him by family members. However, he estimated that three t-shirts and two pairs of shorts were worth approximately $20.00.
Claimant also testified that once he returned to St. Mary’s Correctional Center he was ready and able to resume hisformerjob. He submitted an application to get his former job back but was informed by his boss that he had to submit an application for new employment. Further he was informed that he was to be paid his former salary of $45.00 per month instead of what he was to be paid in the new contract which was $47.25 per month. Claimant exhausted all grievance procedures and administrative remedies in this claim. He seeks an award in the amount of $450.01 for lost wages, reimbursement for the value of his lost personal property, and $10.10 for postage costs.
Claimant contends that respondent breached the contract between the two parties and wrongfully terminated him from his new job causing him lost wages and other expenses. He also contends that respondent lost some items of his personal property.
It is respondents’ position that its “Policy Directive” requires that a job position vacated by an inmate who leaves the prison facility for any reason must be refilled with another inmate immediately, and that it simply followed this procedure *323 in this claim and did not wrongfully terminate claimant’s position. Respondent also asserts that it did not lose any items of claimant’s personal property.
Karol Payne, the Work Assignment Coordinator for respondent at St. Mary’s Correctional Center, testified that she was present when claimant signed the job contract granting him a pay raise. She testified that claimant was terminated from his position because of respondents’ “Policy Directive” that requires an inmate’s job position to be terminated when the inmate leaves the facility for any purpose. Ms. Payne also stated that the reason for this policy is that respondent has to fill the job position with another inmate immediately. Respondent submitted a copy of the “Policy Directive” referred to as West Virginia Division ofCorrections Policy Directive #500.00 and #3.10-1 to the Court and the claimant after the hearing of this matter.
The Court is of the opinion to deny claimant an award for lost wages and back pay based upon respondent’s “Policy Directive” and the reasoning behind the policy. With regard to claimant’s lost property claim, this Court has held that a bailment exists when respondent records the personal property of an inmate and takes it for storage purposes, and then has no satisfactory explanation for not returning it. Heard v. Division of Corrections 21 Ct. Cl. 151 (1997). In this claim, the Courthas determined that a bailment existed, and thatrespondenthad possession and control over claimant’s personal property. Claimant alleges that respondent failed to return to him three t-shirts and two pairs of shorts. Respondent listed five t-shirts on claimant’s “resident’s personal property form” on April 17,2002, but only listed four t-shirts on April 18, 2002, upon returning to St. Mary’s Correctional Center. The last listing of any shorts made by claimant on any of his “property forms” was March 1, 2002. There were two other property inventories performed after March 1, 2002, and neither one listed claimant’s shorts. Thus, the evidence established that respondent lost or otherwise misplaced one t-shirt and two pairs of shorts. Claimant could not state an exact amount on the value of these items, but estimated that the value of his three t-shirts and two pairs of shorts was approximately $20.00. Therefore, the Court has determined the value of one t-shirt and two pair of shorts to be $12.00.
Accordingly, the Court makes an award to the claimant in the amount of $12.00.
Award of $12.00.