PER CURIAM:
Claimant brought this action to recover the value of certain items of personal property that he alleges were negligently seized and destroyed by the respondent while he was an inmate at Mt. Olive Correctional Center. Claimant placed a value of $217.25 upon the property.
A hearing was conducted by the Corut in this claim on October 30, 2003, at which time the claimant testified as to the facts and circumstances giving rise to this claim. On or about October 5,2001, claimant Keith Burdette was moved from his single cell unit to lock-up. While he was in lock-up, respondent removed certain personal property items from his cell, because this property was over the “in cell limit” and was *129 considered “altered.” According to claimant, these property items were “grandfathered”[2] under a former policy and should not have been seized. Claimant testified that while he was in lock-up, he wrote a letter to Lori Grant, a counselor at Mount Olive Correctional Complex at that time, informing her that he did not understand why he had to dispose of the items and that it was his understanding that he was under the former policy and that the disputed items of personal property were grandfathered even though they were prohibited under the new policy. Claimant contends that he also informed Ms. Grant in this letter that if he could not keep the property items at issue that he wanted them mailed out of the facility to his home address.
Claimant testified that when he was released from lock-up on or about August 31, 2002, he discovered that numerous items of his personal property were missing. Claimant stated that he first contacted Mr. Kincaid, the unit manager, about the missing property. Mr. Kincaid informed claimant that the property had been destroyed. Claimant testified that he thought that respondent was either going to store his personal property in the state shop until he got out of lock-up or that the property would be mailed to his home address. Claimant testified that he was missing two pairs of thermal pants, five sweatshirts, two pairs of fleece sweat-pants, a hooded sweatshirt, three pairs of sweat-shorts, and one thermal lined hooded sweatshirt. Claimant presented evidence at the hearing of this matter indicating that he exhausted all the proper administrative remedies and procedures in seeking to recover his property. Claimant presented the respondent’s “evidence/property seizure receipt” into evidence at the hearing of this matter, which indicated the property items that were seized and the reason for the seizure. The evidence/property seizure receipt indicates that the claimant was to determine the disposition of this property by indicating on the form whether the property was to be either mailed out of the prison or destroyed. In addition, there was a second page attached to the form from Ms. Grant, dated December 3, 2001, which stated that if claimant wanted the property to be mailed that he needed to provide a voucher, and a name and address where the property was to be shipped. Claimant admits that he did not indicate on the form whether he wanted the property mailed and he did not provide a voucher or name and address. He stated that Ms. Grant verbally informed him that she would take care of the problem. However, the property was destroyed. Claimant was unable to produce the letter he alleges he wrote to Ms. Grant on December 4, 2002, and he was unable to produce any written response from Ms. Grant stating that she would take care of claimant’s property. Claimant exhausted his administrative grievance process and his claim was denied by the Warden on September 17, 2002.
Claimant contends that respondent negligently destroyed his personal property without his permission and in violation of respondent’s procedures.
It is respondent’s position that claimant failed to timely notify it as to whether or not he wanted his personal property items mailed from the facility or to have the items destroyed.
Peggy J. Giacomo, Storekeeper Two for respondent, testified that she is familiar with the practices and procedures regarding the storage of inmates’ property at respondent’s state shop at the Mount Olive Correctional Complex. Ms. Giacomo testified that one of the state shop’s duties is to store an inmate’s property when he is placed in *130 lock-up and return the property to the inmate when he is returned to a regular cell. Ms. Giacomo testified that inmates are limited to the number of clothing items they are allowed to have in their cells. She testified that while Operational Procedure 4.03 is the current governing policy, Operational Procedure 3.10 was in effect at the time of this incident and is substantially similar to Operational Procedure 4.03. According to Ms. Giacomo, inmates are limited to the number of property items in their possession. Once an inmate is found to have too many items of personal property, the respondent offers the inmate a choice as to whether to mail the items to a designated recipient or to have the items destroyed. Ms. Giacomo testified that the property items are listed on a “S-l" seizure form and shown to the inmate. In addition, she stated that the inmate has thirty days to make a decision as to what is to be done with the property. If the property is the subject of the grievance process, it is held until the grievance is resolved. If an inmate does not respond within the thirty days, then the respondent destroys the property. Ms. Giacomo testified that the claimant’s property was seized because it was altered or over the “in-cell” limit. She also testified that claimant was given an option on his S-l seizure form to mail the property or to have it destroyed, and that it appeal's that he did not respond in a timely manner. Thus, his property was destroyed. Ms. Giacomo also testified that she is aware that some items were “grandfathered” at the Momit Olive Correctional Complex when inmates were moved from the Moundsville facility. However, she was not aware of any property that is currently grandfathered by the policy.
This Court has held that a bailment exists when respondent takes the personal property of an inmate, and keeps it for storage or other purposes, and then has no satisfactoiy explanation for not returning it. Heard v. Division of Corrections, 21 Ct. Cl. 151 (1997); Edens v. Division of Corrections, 23 Ct. Cl. 221 (2000). In the present claim, the Court is of the opinion that no bailment relationship existed. Respondent timely notified claimant that it had seized his personal property. Respondent also offered claimant the choice of mailing the property out of the facility or having it destroyed. The evidence also established that respondent gave claimant timely notice that it would store the property for thirty days, and that claimant failed to notify respondent to mail the property out of the facility. Once the time period for respondent’s storage of the claimant’s seized property expired, it had no duty to continue storing the property. Claimant did not indicate what he desired to be done with the property within the prescribed time period of thirty days. Thus, respondent destroyed the property in accordance with Operational Procedure 3.10. Claimant failed to establish that respondent negligently destroyed his property. Claimant did not establish that his property was “grandfathered” under any policy which would have prohibited respondent from destroying the seized property. Regardless, claimant could have avoided this situation if he had simply indicated that the property should be mailed from the facility to a named addressee and address.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.

 A grandfather clause is a regulatory clause that creates an exemption because of circumstances existing before a new regulation takes effect.