PER CURIAM:
Claimant brought this claim to recover the value of certain personal property items that she alleges were lost by the respondent. Claimant was arrested for driving under the influence of alcohol in Kanawha County and transported to a regional jail. When she was released various items of personal property that had been inventoried were not returned to her. Claimant placed a value of $2,920.72 on her personal property.
At the hearing of the matter, respondent stipulated liability for all of claimant’s personal property and damages for a pair of shoes, a belt, a pair of silver earrings, a *72 key ring, a gold chain, a silver watch, and a black folder. These items were valued at $152.00. The only issue before the Court was the valuation of three rings that were not returned to the claimant. Ms. Walker testified that there was a six diamond ring that was a gift from her mother, a ladies Black Hills ring with a diamond in a rose, and a mother’s ring with three simulated stones.
Richard Mitchell, a registered jeweler and manager at McCormick Jewelers, testified that he often does ring valuations for insurance companies based on descriptions of rings. He stated that he makes his estimates based on medium quality, including such factors as eye clean, near colorless, and fourteen karat gold. Mr. Mitchell estimated the six diamond ring to be valued at $2,114.70, the Black Hills ring to be valued at $230.02, and die mother’s ring at $424.00.
Respondent presented no testimony at the hearing of this matter.
This Court has held that a bailment exists when respondent records the personal property of an inmate and takes it for storage purposes, and then has no satisfactory explanation for not returning it. Page vs. Division of Corrections, 23 Ct. Cl. 238 (2000); Heard vs. Division of Corrections, 21 Ct. Cl. 151 (1997). In the present claim, respondent has admitted that it took possession of claimant’s personal property but did not return the items to her. Respondent also admitted damages for the pair of shoes, a belt, a pair of silver earrings, a key ring, a gold chain, a silver watch, and a black folder. The Court finds that the values placed on claimant’s rings by the expert witness were fair and reasonable. Therefore, the Court is of the opinion to make an award to the claimant for the value of her pair of shoes, a belt, a pair of silver earrings, a key ring, a gold chain, a silver watch, a black folder, a six diamond ring, a ladies Black Hills ring with a diamond in a rose, and a mother’s ring with three simulated stones. The Court is of the opinion that $2,920.72 represents a fair and reasonable reimbursement to claimant for the lost property. Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $2,920.72.
Award of $2,920.72.