PER CURIAM:
Claimant brought this claim to recover the value of certain personal property items that she alleges were lost by the respondent. Claimant was serving a term of confinement in the Northern Regional Jail, a facility of respondent. When she was released from confinement, all of her personal property was missing.
A hearing was conducted by the Court in this claim on October 26, 2006, at which time the claimant testified as to the facts and circumstances giving rise to the claim. Ms. Pownall testified that she had reported to Northern Regional Jail for thirty days on a driving under the influence conviction. She stated that she served this term in increments of five days and she would then return home on the weekends to work. When she reported to the correctional facility, her property was taken and inventoried. On June 3, 2005, she was released having completed the full sentence and upon being released, it was discovered that her personal property was missing. Ms. Pownall testified that she was missing a purse, wallet, watch, her birth certificate, driver’s license, a jacket, shirt, pair of pants, shoes, a bra, and socks. She estimated that the total value of the items missing was $310.00.
Claimant asserts that respondent was responsible for her personal property once she reported to the correctional facility and it was inventoried. At that time a bailment relationship existed when she no longer had control or possession of her personal property.
Respondent contends that it was not responsible for claimant’s property and that it followed proper procedures in inventorying her personal property.
Lany Conkle, Correctional Officer Two at Northern Regional Jail, testified that when an inmate reports for confinement in Northern Regional Jail, her or his property is inventoried and placed in a property bag. He stated that the property bag is then taken and hung on a rack in a secure area of the prison and then placed in a locked cage until the prisoner is released. Mr. Conkle testified that he was present when claimant reported to the correctional facility and inventoried all of her personal *123 property. He further stated that after claimant was released and discovered her personal property missing, he checked all the other property bags for her items but could not find any of her items.
This Court has held that a bailment exists when respondent records the personal property of an inmate and takes it for storage purposes, and then has no satisfactory explanation for not returning it. Page vs. Division of Corrections, 23 Ct. Cl. 238 (2000); Heard vs. Division of Corrections, 21 Ct. Cl. 151 (1997). In the present claim, the evidence adduced at the hearing established that the claimant had a purse, wallet, watch, birth certificate, driver’s license, jacket shirt, a pair of pants, shoes, a bra, and socks in her possession when she reported to Northern Regional Jail. However, when she was released from confinement, none of these items were found and returned to claimant. The property was in the control and possession of respondent while the claimant was in Northern Regional Jail. However, respondent has no plausible explanation for what happened to the property items. Respondent was responsible for the personal property items when claimant was confined. Respondent was in a position to safeguard claimant’s property while she was confined. The Court finds that respondent was responsible for securing the claimant’s property and failed to take the appropriate action to do so. Therefore, the Court is of the opinion to make an award to the claimant for the value of her a purse, wallet, watch, birth certificate, driver’s license, jacket shirt, a pair of pants, shoes, a bra, and socks. The Court is of the opinion that $310.00 represents a fair and reasonable reimbursement to claimant for the lost property.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $310.00.
Award of $310.00.