PER CURIAM:
Claimant, an inmate at Mount Olive Correctional Complex, a facility of the Respondent, brought this claim to recover the value of personal property that he alleges was negligently destroyed by Respondent. Claimant placed a value of $355.00 on his personal property.
A hearing was conducted by the Court in this claim on October 21, 2010, at which time the Claimant testified as to the facts and circumstances giving rise to the claim. Mr. Evans was living in a double cell with another inmate in Oak Hall until January 14, 2009, when he was disciplined and sent to Paugh Hall, designated “Loss of Privileges pod” or “LOP,” for thirty (30) days. On the date of his transfer, Mr. Evans was instructed to pack his appliances for storage in a closet in LOP while he was in lock-up. Mr. Evans stated that he packed his 13-inch Sharp flat panel TV and remote in a five-gallon plastic trash bin and placed it in the corner of the storage closet to protect the screen during storage. Claimant testified that he had watched his TV the day of transfer and it was in fine working order when he left it in storage. According to Mr. Evans, from his cell in LOP he could observe people entering and exiting the storage closet. Upon being released from LOP, Claimant reclaimed his TV, which he alleged had been moved. Mr. Evans stated that when he returned to his cell and plugged in his TV he noticed the LCD panel was damaged and notified Unit Manager William Kincaid.
Claimant submitted into evidence Operational Procedure # 4.03, which provides Respondent’s policies regarding inmate property and State Shop procedures. West Virginia Division of Corrections Operational Procedure No. 4.03, Inmate Property & State Shop Procedures (June 1, 2009). According to the operational procedure, when an inmate is moved from his cell, “all property located within the cell will be searched, inventoried and stored within the State Shop Property Room.” Id. § V(E)(7)(d). It further states that “[sjtorage for thirty (30) calendar days or less will be provided for inmate property by the [Respondent’s] State Shop,” which *190 is “designed for the safe and secure storing . .. of... inmate property.” Id. § § IV; V(A).
It is Claimant’s position that Respondent was responsible for his personal property once it was placed in Respondent’s possession for storage, that a bailment relationship was created when Claimant no longer had control or possession of his property, and that Respondent’s violation of its operational procedures for storage of inmate property by using a closet rather than the State shop resulted in the destruction of Claimant’s personal property.
Respondent contends that it was not responsible for Claimant’s property and that it followed proper procedures in storing his personal property during his time in LOP.
Joshua Vaughn Ward, Unit Manager for Respondent, testified that at the time of the incident, lost privilege inmates had no choice but to store their appliances in the LOP storage room; although Claimant was not required to place his TV in a trash can. Mr. Ward was not present when Claimant placed his TV in storage and never inspected the TV.
William Flarlow Kincaid, Unit Manager for Respondent, testified that when Claimant returned to his cell from LOP, he was alerted by Claimant that there had been damage to Claimant’s TV. Mr. Kincaid could not remember the specific damage, but stated that the TV was broken across the front.
This Court has held that a bailment situation is created when Respondent takes the personal property of an inmate, and keeps it for storage or other purpose. Page v. Division of Corrections, 23 Ct. Cl. 238 (2000).. Once bailment has been established, West Virginia law “imposes upon the bailee the obligation to exercise reasonable and ordinary care for the safety of the property so delivered.” Barnette v. Casey, 124 W.Va. 143, 146; 19 S.E.2d 621, 623. In the present claim, the evidence adduced at hearing established that: Claimant placed his TV in LOP storage as required by Respondent; Respondent had control and possession of the TV and was responsible for safeguarding it; and that when the TV was returned to Claimant it had been damaged. The Court has determined that Respondent failed to adequately care for Claimant’s personal property since Respondent did not adhere to its operational procedure for the secure storage of inmate property within the State Shop, and thus, Respondent was negligent in its duties as a bailee. The Court is of the opinion to make an award to the Claimant for the value of the damaged TV. Since Claimant ordered a replacement TV and universal remote from the commissary for $180.00, and agreed that an award of such an amount would be satisfactory, the Court is of the opinion that $ 180.00 represents a fair and reasonable reimbursement to Claimant for the damaged property.
Accordingly, the Court is of the opinion to and does make an award to the Claimant in the amount of $180.00.
Award of $180.00.