PER CURIAM:
Claimant, an inmate at Mount Olive Correctional Complex, a facility of the Respondent, brought this claim to recover the value of certain personal property items that he alleges were lost by the Respondent. Claimant was serving a term of confinement in lock-up for thirty (3 0) days. When he was released from lockup and returned to the mainline population, several items of his personal property were missing. Claimant placed a value of $429.99 on his personal property. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
A hearing was conducted by the Court in this claim on October 21, 2010, at which time the Claimant testified as to the facts and circumstances giving rise to the claim. On or about October 1, 2008, Mr. Blackwell was transferred from his single-cell in the mainline prison population to segregated lock-up. Mr. Blackwell testified that when a single-cell inmate is transferred to lock-up it is prison procedure for state shop workers to enter the inmate’s cell, inventory and collect the inmate’s personal property, and transfer the property to the state shop for storage while the inmate is in lock-up. It is Mr. Blackwell’s allegation that contrary to Respondent’s procedure a correctional officer entered his cell to retrieve paint for another inmate and allowed at least one inmate to enter his cell and steal his personal property. Mr. Blackwell testified that upon re-entering the mainline population he realized that certain items of personal property where missing, including: one pair of Wolverine boots ($150.00), one pair Reebolc high top basketball shoes ($60.00), one set of Sony headphones ($20.00), one Play Station II game - Supreme Commander II ($29.99), one Play Station II memory card ($25.00), one pair of Oakley sunglasses ($35.00), two velour blankets ($40.00), one large trash can ($10.00), and one Sony CD/AM/FM Walkman ($60.00). After he was released from lock-up, Mr. Blackwell was informed by another inmate that some of his property had been sold in the yard by other inmates. Claimant stated that the inmate who was accused of stealing his property, George Watts, admitted to Claimant that he entered Claimant’s cell to retrieve and hold onto property for Claimant, but that he was afraid of getting into trouble and sold it.
Edwin Mack Taylor, an inmate at Respondent’s facility, testified that around January or February of 2010, he was placed in lock-up one cell away from Claimant. Mr. Taylor stated that around that time he overheard a conversation between the Claimant and an inmate located one cell above him, wherein the other inmate (unknown to Mr. Taylor) admitted to entering Claimant’s cell and stealing a blanket, a rug, and other personal property, and then selling it.
Joshua Vaughn Ward, Unit Manager for Respondent, testifying on behalf of Claimant, stated that Counselor Crowder informed him that Claimant’s Sony CD Walkman was stolen out of storage and that it should be replaced for Claimant. Unit Manager Ward stated that to his knowledge Claimant has not received a replacement portable CD player or compensation for his loss.
Claimant filed at least one “G-l" grievance concerning his missing personal property, which Respondent denied as without merit on the grounds that no one other than the state shop workers entered Claimant’s cell after he was sent to lock-up. Claimant also filed a “G-2" grievance appeal, which was denied as untimely and without merit.
*192 Claimant asserts that Respondent was responsible for his personal property once he was removed from his single-cell and sent to lock-up, and that a bailment relationship existed at the time when he no longer had control or possession of his property.
Respondent contends that it was not responsible for Claimant’s property and that it followed proper procedures in removing his property from the cell to the state shop. Respondent submitted into evidence three “Resident’s Personal Property Form(s),” respectively dated March 7,2008; March 10,2008; and October 6,2008. The first and second property forms corroborate Claimant’s testimony that prior to being locked-up on October 1, 2008, he was in possession of at least one blanket, Wolverine boots, Sony headphones, Play Station II accessories, five (5) Play Station II games, a trash can, and a Sony CD Walkman. The third property form, applicable to this incident, is dated six days after Claimant was sent to lock-up. According the October 2008 property form, Claimant no longer possessed any boots or blankets, and only possessed four (4) Play Station II games. The third property form does, however, indicate that Claimant still possessed Sony headphones and a Sony Walkman CD player. Claimant testified that although he signed the third property form when he was released from lock-up on October 31, 2008, he was not given an opportunity to look over his property to make sure it was all there before signing the form.
This Court has held that bailment exists when Respondent records the personal property of an inmate and takes it for storage purposes, and then has no satisfactory explanation for not returning it. Page v. Division of Corrections, 23 Ct. Cl. 238 (2000); Heard v. Division of Corrections, 21 Ct. Cl. 151 (1997). In the present claim, the evidence adduced at the hearing establishes that the Claimant had, at the least, one pair of Wolverine boots, one blanket, Sony headphones, Play Station II accessories, five (5) Play Station II games, a trash can, and a Sony CD Walkman in his possession while an imnate at Mt. Olive. However, when Claimant was released from lock-up none of these items were found and returned to him. The property was in the control and possession of Respondent while the Claimant was in lock-up, and Respondent has no plausible explanation for what happened to the missing property items. Respondent was in a position to safeguard Claimant’s property once he was removed from his cell and should have secured the property immediately after the Claimant was removed from his single-cell. However, the October property form indicates that Respondent waited six days before securing and inventorying Claimant’s property. The Court finds that Respondent was responsible for securing the Claimant’s property and failed to take the appropriate action to do so. Therefore, the Court is of the opinion to make an award to the Claimant for the value of his Wolverine boots, one (1) blanket, Sony headphones, Play Station II memory card, one (1) Play Station II game, trash can, and Sony CD Walkman. No evidence was presented that Claimant had a pair of Reebolc basketball shoes, a second blanket, or Oakley sunglasses in his possession while an inmate at Mt. Olive. The Court is of the opinion that $314.99 represents a fair and reasonable reimbursement to Claimant for the lost property.
Accordingly, the Court is of the opinion to and does malee an award to the Claimant in the amount of $314.99.
Award of $314.99.