PER CURIAM:
Claimant, an inmate atMt. Olive Correctional Complex, brought this action to recover the value of certain personal property that was mailed out of the facility and could not be returned to the Claimant in accordance with prison policy. The Court is of the opinion to deny this claim for the reasons more fully stated below.
A hearing was conducted by the Court in this claim on October 21,2010, at which time the Claimant testified as to the facts and circumstances giving rise to his claim. On or about March 26,2009, Claimant Wendell Ash was moved from his cell in the general prison population to lock-up. Because Claimant was being transferred to lock-up for longer than 30 days, Mr. Ash’s personal property was inventoried and Respondentprovidedhim with an “Evidence/Property Seizure Receipt” indicating that certain items were to be mailed out of the facility or destroyed. Mr. Ash testified that he chose to have his seized property mailed to his mother with the understanding that if the box remained unopened outside the facility it could be returned to him after he was released from lock-up. Claimant acknowledged that his package was mailed from the Respondent’s facility to his designated recipient; however no one was home when it was delivered by the United States Postal Service. The package was allegedly placed between the storm door and the front door where it was soaked by rain. Claimant stated that unknown to him one of his family members opened the box to allow the contents to dry, and as a result, the contents, which included 98 cassette tapes and 12 CDs that Claimant valued at $363.33, could not be returned to him.
Claimant’s position is that Respondent was responsible for his property once he turned it over to be mailed out of the facility in accordance with prison policy and that a bailment relationship existed at the time when he no longer had control or possession of his property.
Respondent contends that it followed proper procedure in mailing Claimant’s package to the designated recipient for storage during Claimant’s period in lock-up, and that it is not liable for the recipients failure to follow prison policy by opening the package.
The Court has held that a bailment situation exists when Respondent takes the personal property of an inmate and keeps it for storage or other purposes and then has no satisfactory explanation for not returning it. Heard v. Div. of Corrections, 21 Ct. Cl. 151 (1997); Edens v. Div. of Corrections, 23 Ct. Cl. 221 (2000).
In the present claim, the Court is of the opinion that no bailment relationship existed when Claimant was deprived of his personal property. The Court finds that the bailment situation, which was created when Claimant’s property was seized, ended when Respondent placed the package into the possession of the US Postal Service for delivery to Claimant’s designated recipient. Claimant has not established that Respondent acted in a wrongful manner. The policies in place at Mt. Olive *230 Correctional Complex were followed by the facility and Claimant was well aware of the policies.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.