PER CURIAM:
Claimant, an inmate at the Mt. Olive Correctional Complex, a facility of Respondent, seeks to recover the sentimental and religious value of a hand-carved wooden tobacco pipe that was stolen from its storage location in the prison’s chapel. The Court is of the opinion to deny this claim for the reasons stated more fully below.
A hearing was conducted by the Court in this claim on October 21,2010, at which time the Claimant testified as to the facts and circumstances giving rise to his claim. Tobacco products have been banned from the prison with the exception of religious purposes. Claimant Neil Williams participated in Native American worship services at the prison’s chapel and was permitted to use tobacco products during religious services. Mr. Williams testified that he owned a wooden ceremonial tobacco pipe, approximately 18 inches long with three sections and a painted fox icon, that had been hand carved by a fellow inmate and blessed within the prison. Claimant testified that on February 29, 2008, prison officials took possession of his tobacco pipe pursuant to prison policy and placed it in a locked metal cabinet in the prison’s chapel, along with other inmates’ tobacco related products. On or about November 29,2008, the tobacco products, including Claimant’s pipe, were stolen from the prison’s chapel. Claimant placed a value of $500.00 on his wooden tobacco pipe, which he stated includes the pipe’s sentimental and religious value as well as his “attorney fee” for filing this claim.
Michael Motto, and inmate at Mt. Olive Correctional Complex, testified on behalf of the Claimant. Mr. Motto testified that he hand carved and painted a number of ceremonial tobacco pipes for fellow inmates, including the Claimant. Mr. Motto stated that he could not place a value on the Claimant’s pipe because he did not charge for it; the sentimental value would be personal to the Claimant; and while he estimated that the materials used to construct a similar pipe would range from $150-200 he obtained the materials for this particular pipe for free. Mr. Motto further testified that his personal pipe had not been stolen during the theft because he had been informed at a prayer meeting that he could retrieve his pipe and store it in his cell.
It is Claimant’s position that Respondent is responsible for the loss of his personal property because a bailment relationship existed at the time his pipe was removed from his cell and transferred to the chapel for storage and Claimant no longer had control or possession of his property.
Respondent contends that it was not responsible for Claimant’s property because Claimant was free to retrieve his pipe from the chapel prior to the theft. Respondent introduced into evidence Respondent’s Operational Procedure #5.08, *238 dated September 1,2008, which states that sacred prayer pipes were permitted to be stored “In-Cell” by imnates. Respondent further argued that Claimant overstated the sentimental and religious value of his pipe by pointing out that he did not attempt to check on or retrieve the pipe for seven months after the theft, and no longer participated and in the tobacco prayer rituals.
This Court has held that bailment exists when Respondent records the personal property of an inmate and takes it for storage purposes, and then has no satisfactory explanation for not returning it. Page v. Division of Corrections, 23 Ct. Cl. 238 (2000); Heard v. Division of Corrections, 21 Ct. Cl. 151 (1997). In other tobacco related claims, this Court has found Respondent liable to inmates whose tobacco products were stolen from Respondent’s storage in the prison. McClain v. Div. of Corrections, CC-08-0533 (2009). However, in the present claim the Court is of the opinion that no bailment relationship existed. Unlike claims for the loss of tobacco products that were required to be stored in the prison’s chapel, two months prior to the theft Claimant was free to retrieve his pipe from Respondent’s possession and store it in his cell. Bailment ended when Claimant was free to retrieve his personal property from Respondent, and thus, Respondent cannot be held liable for Claimant’s loss.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.